IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMMA J. YORK,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cv-00679-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Emma J. York's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has not filed a response and the time for doing so has not expired. However, the Court does not require a response. For the following reasons, the Court denies York's motion.

1. **Background**

On November 30, 2012, Petitioner pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 871(b)(1)(C). *See United States v. York*, Case No. 12-cr-40092 (Doc. 21). On March 7, 2013, the undersigned Judge sentenced York to the custody of the Bureau of Prisons for 188 months, eight years supervised release, a $100 special assessment, and a $500 fine. (Doc. 26, 12-cr-40092). Ms. York was determined to be a career offender under the meaning of U.S.S.G. § 4B1.1.based on two prior convictions involving controlled substances (case numbers 84D05-0108-DF-2103 and 02-CF-2045). Pursuant to the plea agreement, Ms. York did not appeal her conviction or sentence.

Ms. York filed this § 2255 motion on June 6, 2016. A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). Ms. York asserts that her petition has been filed within one year of the date on which the right asserted was

initially recognized by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015). As such, Ms.York's § 2255 motion was timely filed.

In her § 2255 motion, Ms. York argues that the application of the career offender enhancement is no longer applicable pursuant to *Johnson*.

**2. Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No hearing is required in this matter.

Ms. York had incurred two prior convictions involving a controlled substance. Two prior felony drug convictions were enough to make her a career offender when she committed the federal drug distributions crimes, *see* U.S.S.G. §4B1.1(a) & cmt.n.1, 4B1(2); *United States v. Black*, 636 F.3d. 893, 898 (7th Cir. 2011). Two qualifying drug convictions were predicate offenses which do not involve the residual cause struck down by the *Johnson* decision. As such, Ms. York is not entitled to receive any relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) or any other argument presented as it relates to the career offender enhancement.

Ms. York offers no additional arguments or facts of errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice. Therefore, Ms. York is entitled to no relief.

### 3. Certificate of Appealability

Having denied Ms. York's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Ms. York has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a). Ms. York may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

### 4. Conclusion

The Court cautioned Ms. York (Doc. 45) that relief pursuant to *Johnson* may not be available to her because the prior offenses that formed the basis of her career offender status did not fall within the residual clause and were therefore unaffected by *Johnson*. Ms. York did not heed the caution and accordingly, this Court **DENIES** Ms. York's § 2255 Motion (Doc. 1). This case is **DISMISSED** and the Court **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 6/29/2016               *s/J. Phil Gilbert*
                                   **J. PHIL GILBERT**
                                   **DISTRICT JUDGE**